UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOODE,<br> *Plaintiff*, | )   CASE NO. 3:24-cv-830 (KAD)<br>)<br>) |
| v. | )<br>) |
| CORRECTIONAL LIEUTENANT JOHN DOE, and CONNECTICUT DEPARTMENT OF CORRECTION,<br> *Defendants*. | )   JUNE 20, 2024<br>)<br>)<br>) |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

  Plaintiff Jason Goode, a sentenced inmate housed at Garner Correctional Institution ("Garner") within the Connecticut Department of Correction ("DOC"), brings this *pro se* civil rights complaint seeking damages arising from an alleged violation of his constitutional rights under the Eighth Amendment as well as the Americans with Disabilities Act ("ADA"). He names as defendants Correctional Lieutenant John Doe and the DOC. Compl., ECF No. 1.

  The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

  The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

**Allegations**

  The Court construes Plaintiff's complaint to state as true the following facts.

Plaintiff has a debilitating kidney condition. On May 10, 2021, Plaintiff was an inmate on Administrative Segregation status at Northern Correctional Institution ("Northern").

At some time around May 10, 2021, Plaintiff was transported to UConn Health Center's prisoner ward unit for a nephrology appointment. Upon his arrival at the Health Center, a correctional officer advised Plaintiff that he had to wait for his appointment in a general population holding cell. Plaintiff objected to being placed in a holding cell designated for non-segregated prisoners, at which point, Lieutenant Doe was summoned.

Lieutenant Doe directed Plaintiff to go to the area as ordered. After Plaintiff identified the breach in security presented by this order, Lieutenant Doe terminated his appointment and had Plaintiff transferred back to Northern.

At Northern, a correctional nurse and a different lieutenant, verbally and in writing, expressed their disagreement with Lieutenant Doe's decision. At the time relevant to this action, DOC had a policy to prohibit integration of segregated and non-segregated inmates.

In the following months,[1] Plaintiff returned to UConn Health Center for a follow up appointment with a nephrologist and was not directed to a general population holding cell. The nephrologist determined that Plaintiff's condition had deteriorated to the extent that he had to be placed on medication.

**Discussion**

The Court first considers Plaintiff's claim for damages under § 1983 for an Eighth Amendment violation against Lieutenant Doe for allegedly interfering with his medical care.

The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to the serious medical needs of a sentenced prisoner. *See Darby*

---

[1] Plaintiff refers to July 2023, but the Court assumes that he has written the wrong year.

*v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The prisoner must show that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)).

To be "sufficiently serious," the deprivation of medical care must be "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill*, 657 F.3d at 122. This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin*, 467 F.3d at 280. Factors to consider include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702.

As for the subjective *mens rea* element, the inmate must show "that the official acted with a culpable state of mind of 'subjective recklessness,' such that the official knew of and consciously disregarded 'an excessive risk to inmate health or safety.'" *Thomas v. Wolf,* 832 F. App'x 90, 92 (2d Cir. 2020) (citations omitted).

Assuming without deciding that Plaintiff's kidney condition constitutes a sufficiently serious medical condition so as to satisfy the objective element, Plaintiff has not alleged facts to support an inference that Lieutenant Doe acted with the requisite state of mind so as to satisfy the subjective element. No allegations indicate that Lieutenant Doe was aware of Plaintiff's treatment needs for his kidney or even that Plaintiff suffered from a serious kidney condition. Nor is there

any suggestion that Lieutenant Doe was aware that Plaintiff would suffer harm if he did not see the nephrologist on that day, or that he consciously disregarding Plaintiff's risk of harm. In addition, Plaintiff has not alleged any action by Lieutenant Doe which interfered with the rescheduling of Plaintiff's medical appointment. Plaintiff alleges only that he expressed to Lieutenant Doe his concerns about being placed in a general population holding cell, and that he was not rescheduled for an appointment until July. Accordingly, Plaintiff's Eighth Amendment claim must be dismissed because Plaintiff's allegations, even if proven, do not plausibly allege the subjective element of an Eighth Amendment claim for deliberate indifference to medical needs.

*ADA Violation*

Plaintiff asserts a violation of the ADA against DOC on the basis of Lieutenant Doe's conduct which, he alleges, deprived him of the scheduled medical appointment with the nephrologist.

The standards under Title II of the ADA and § 504 of the Rehabilitation Act ("RA") "are generally the same[.]" *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).[2] The ADA and the RA both apply to state prisons and prisoners. *Wright*, 831 F.3d at 72. Thus, the Court considers whether Plaintiff has stated plausible claims of disability discrimination under the ADA or the RA even though he does not cite the RA.

To establish a *prima facie* violation under Title II of the ADA or the RA, a plaintiff must show: "that 1) he is a qualified individual with a disability; 2) [defendants are] entit[ies] subject to the acts; and 3) he was denied the opportunity to participate in or benefit from [defendants']

---

[2] The only difference between the ADA and the RA is that the RA applies to entities receiving federal financial assistance while Title II of the ADA applies to all public entities, a distinction not relevant here. *See Messier v. Southbury Training Sch.*, 562 F. Supp. 2d 294, 320 & n.13 (D. Conn. 2008); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (finding it proper to consider such claims together). The "distinctions between the statutes are not implicated in this case," so "we treat claims under the two statutes identically." *Wright*, 831 F.3d at 72.

services, programs, or activities or [defendants] otherwise discriminated against him by reason of his disability." *Wright*, 831 F.3d at 72. There are "three available theories" of discrimination by which to satisfy the third prong of an ADA and RA claim: "(1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Fulton v. Goord,* 591 F.3d 37, 43 (2d Cir. 2009).

The Court assumes for purposes of initial review only that Plaintiff is a qualified individual under the ADA and RA on the basis of his kidney disease. But the Court cannot construe from the allegations of the complaint any theory of ADA or RA violation.

Plaintiff complains that he missed his medical appointment because Lieutenant Doe sent him back to Northern after he expressed concern about being placed in a general population cell due to the security risk. But Plaintiff does not allege facts to suggest that he was denied participation in any service, program or activity *because of* his physical disability, the alleged kidney condition. Nor do his allegations suggest that he was treated differently or discriminated against *because of* his kidney condition. Here, Plaintiff's complaint of disability discrimination arises from the failure to afford him adequate medical attention for his kidney condition, but he has not alleged facts to indicate that his medical deprivation arises from the fact that he suffered from a kidney condition; *Elbert v. New York State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595 (S.D.N.Y. 2010) ("Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability."); or that Lieutenant Doe failed to make a reasonable accommodation necessary for Plaintiff to access DOC's services, program and activities despite his kidney condition. *See Henrietta D.*, 331 F.3d at 277 ("[T]he demonstration that a disability makes it difficult for a plaintiff to access benefits that are available to both those with and without disabilities is sufficient

to sustain a claim for a reasonable accommodation."). To the contrary, Plaintiff alleges that he was taken back to Northern, not because of his purported disability, but because he objected to being held in a general population holding cell. Absent facts to suggest that Plaintiff suffered any discriminatory treatment or could not benefit from DOC services, program, or activities by reason of his disability, Plaintiff's complaint does not state a claim under the ADA and RA. Any such claim is accordingly dismissed.

**Conclusion**

For the foregoing reasons, Plaintiff's complaint is DISMISSED without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b).

The Court affords Plaintiff one final opportunity to file an amended complaint in order to correct the deficiencies identified in this initial review order. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference. If Plaintiff fails to submit an amended complaint on or before July 30, 2024, the Clerk of the Court is directed to close this case on July 31, 2024.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of June 2024.

    */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE