UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOODE,<br>    *Plaintiff*,<br><br>        v.<br><br>CORRECTIONAL LIEUTENANT JOHN DOE,<br>    *Defendant*. | No. 3:24-cv-830 (KAD) |

## INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge:

Plaintiff, Jason Goode, a sentenced inmate currently housed at Corrigan-Radgowski Correctional Center ("Corrigan") within the Connecticut Department of Correction ("DOC"), commenced this *pro se* civil rights action under 42 U.S.C. § 1983 on May 6, 2024.[1]

In his original Complaint, Plaintiff alleged violations of his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA") against Correctional Lieutenant John Doe and DOC. *See* Compl., ECF No. 1. Upon initial review of the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff had not alleged any plausible claims, and dismissed the Complaint without prejudice. Initial Review Order, ECF No. 11. The Court afforded Plaintiff "one final opportunity to file an amended complaint" to correct the deficiencies identified in the Initial Review Order, and further advised Plaintiff that any amended complaint

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Publicly available information on the DOC website shows that Plaintiff was sentenced on August 11, 1995 to a term of incarceration that has not expired.
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=228240

would completely replace the original Complaint in this action, and that no portion of Plaintiff's original Complaint would be incorporated into any amended complaint by reference. *Id.*

On July 23, 2024, consistent with the Court's instructions, Plaintiff filed the Amended Complaint, naming Lieutenant John Doe as the sole defendant and alleging a violation of Plaintiff's substantive due process rights under the Fourteenth Amendment. Am. Compl., ECF No. 12.

The Prison Litigation Reform Act ("PLRA") requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss a complaint, or any portion of a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed the Amended Complaint and conducted an initial review of the allegations set forth therein pursuant to 28 U.S.C. § 1915A. For the reasons set forth herein, the Amended Complaint is DISMISSED with prejudice.

**Facts**[2]

On May 10, 2021, while incarcerated at Northern Correctional Institution, Plaintiff had a scheduled nephrology appointment at UConn Health Center in Farmington, Connecticut. Am. Compl., ECF No. 12, at ¶¶ 3, 5. DOC has a policy establishing the procedure for separating

---

[2] For the purposes of its initial review, the Court has accepted as true the factual allegations set forth in the Amended Complaint.

classified segregation and non-classified segregation prisoners. *Id.* at ¶ 7. UConn Health also maintains "sub-policies" and procedures concerning management of Plaintiff's "whereabouts" and movement at the hospital. *Id.* at ¶ 9. Prior to Plaintiff's medical appointment on May 10, 2021, Lieutenant Doe attempted to have Plaintiff wait in a holding area specifically designated for classified individuals. *Id.* at ¶ 6. In doing so, Lieutenant Doe violated the aforementioned DOC and UConn Health policies, which caused the termination of Plaintiff's medical appointment. *Id.* at ¶ 8. Specifically, Lieutenant Doe violated "sections: 1, 4, B, M, and P of administrative directive no. 8.1 which confers a state created liberty interest to Plaintiff for medical care." *Id.* at ¶ 10.

As a result of Lieutenant Doe's conduct, Plaintiff suffers from dizziness, diarrhea, nausea, and facial and hand swelling as side effects from the "additional" medication later prescribed to him at a subsequent appointment. *Id.* at ¶ 11. These side effects have subjected Plaintiff to significant hardship in his daily life, as he cannot perform or engage in the common activities of his peers, *e.g.*, high-intensity sports and janitorial paid work assignments. *Id.* at ¶ 12.

**Discussion**

The Amended Complaint asserts that Lieutenant Doe's arbitrary breach of various DOC and UConn Health policies amounted to a violation of Plaintiff's rights under the Fourteenth Amendment's Due Process Clause. As set forth herein, the Court finds that the Amended Complaint fails to adequately allege either a Fourteenth Amendment due process claim, or alternatively, an Eighth Amendment deliberate indifference to medical needs claim.

Fourteenth Amendment

The allegations set forth in the Amended Complaint do not support a cognizable due process claim arising under the Fourteenth Amendment.

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. U.S Const. amend. XIV, § 1. While procedural due process prohibits deprivations of life, liberty, or property without constitutionally adequate procedures, substantive due process protects these substantive rights "no matter the process employed by the State." *Case v. Anderson*, No. 16-CV-983 (NSR), 2017 WL 3701863, at *14 (S.D.N.Y. Aug. 25, 2017) (citing *Madden v. City of Meriden*, 602 F. Supp. 1160, 1166 (D. Conn. 1985)).

Plaintiff's claim arises from Lieutenant Doe's alleged interference with Plaintiff's medical treatment and failure to adhere to various purported DOC and UConn Health policies. The Amended Complaint explicitly alleges that Lieutenant Doe violated Plaintiff's substantive due process rights. However, the Supreme Court has instructed that, "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (cleaned up) (citation omitted); *see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (explaining that, "if a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process").

As relevant here, the Eighth Amendment provides an explicit textual source of constitutional protection for Plaintiff's alleged medical mistreatment. *See Santana v. Quiros*, No. 3:21-CV-376 (SVN), 2022 WL 16706959, at *10 (D. Conn. Nov. 4, 2022) (collecting cases); *Kaminski v. Oniyuke*, No. 3:19-CV-58 (SRU), 2019 WL 1877075, at *4 (D. Conn. Apr. 26, 2019) (holding that, upon initial review, "if [a plaintiff's] substantive due process claim is based on the same action(s) that gave rise to his Eighth Amendment claim for deliberate indifference to medical needs, then his due process claim will be dismissed"). Indeed, as a sentenced inmate, Plaintiff's claim is only cognizable under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (holding deliberate indifference claims of sentenced inmates are cognizable under the Eighth Amendment, while deliberate indifference claims of unsentenced inmates are cognizable under the Fourteenth Amendment). Accordingly, any claim arising under the substantive due process provision of the Fourteenth Amendment must be dismissed.

Eighth Amendment

Given Plaintiff's status as a *pro se* litigant, the Court has also considered whether the Amended Complaint plausibly states a deliberate indifference to medical needs claim arising under the Eighth Amendment. It does not.

The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to the serious medical needs of a sentenced prisoner. *See Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To establish an Eighth Amendment deliberate indifference claim, the prisoner must show that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively,

that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)). It is not enough to allege medical malpractice unless the malpractice involves culpable recklessness, *i.e.*, "a conscious disregard of a substantial risk of serious harm." *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

To demonstrate the objective, "sufficiently serious," prong of this analysis, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill*, 657 F.3d at 122 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin*, 467 F.3d at 280.  Factors to consider include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702.

As for the subjective element, the inmate must show "that the official acted with a culpable state of mind of 'subjective recklessness,' such that the official knew of and consciously disregarded 'an excessive risk to inmate health or safety.'" *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (citations omitted).  Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under Section 1983.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  Nor does a disagreement over

the treatment provided demonstrate deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance*, 143 F.3d at 703).

Here, as an initial matter, Plaintiff has not alleged any facts describing the medical condition that prompted his medical appointment on May 10, 2021.[3] Instead, he describes suffering from dizziness, diarrhea, nausea, and facial and hand swelling—conditions that allegedly resulted from medication prescribed to Plaintiff at a *subsequent* appointment, and which were not caused by his lack of medical treatment on May 10, 2021. Accordingly, the Amended Complaint fails to adequately allege that the purported deprivation of medical care was sufficiently serious enough to satisfy the objective prong of Plaintiff's Eighth Amendment claim. For that reason alone, any such claim must be dismissed.

Nevertheless, even assuming that Plaintiff had adequately alleged a sufficiently serious medical condition, the Amended Complaint also fails to set forth any facts supporting the inference that Lieutenant Doe acted with a culpable state of mind. Indeed, Plaintiff does not allege that Lieutenant Doe was aware of his serious need to see a nephrologist on May 10, 2021, or that Plaintiff would suffer serious harm if he was unable to attend the appointment. Likewise, the Amended Complaint does not suggest that Lieutenant Doe interfered with the rescheduling of Plaintiff's appointment.

---

[3] Insofar as Plaintiff was meant to visit a nephrologist on May 10, 2021, the Court supposes that Plaintiff was being seen for a kidney condition. Nevertheless, absent additional allegations as to any such condition, the Court cannot find that it was sufficiently serious.

In light of the foregoing, even when liberally construed as asserting a deliberate indifference claim arising under the Eighth Amendment, the Amended Complaint must be dismissed.[4]

**Conclusion**

For the reasons set forth herein, Plaintiff's Amended Complaint is DISMISSED with prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915A(b).

The Clerk of the Court is instructed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of August 2024.

                                                   /s/ Kari A. Dooley
                                                   KARI A. DOOLEY
                                                   UNITED STATES DISTRICT JUDGE

---

[4] Insofar as the Amended Complaint could be further construed as asserting a claim arising merely from Lieutenant Doe's alleged violations of DOC and UConn Health policies, the Court observes that "violation[s] of a prison regulation or policy do[] not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983." *Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (citation omitted).